IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

T&R PROPERTIES, INC., et al,

      Plaintiffs,

  v.                                     Civil Action 2:24-cv-3761
                                          Judge James L. Graham
                                          Magistrate Judge Kimberly A. Jolson

BERLIN TOWNSHIP, et al.,

      Defendants,

**OPINION AND ORDER**

Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 17) is before the Court. For the following reasons, the Motion is **GRANTED**.

**I.    BACKGROUND**

Plaintiffs challenge events surrounding Defendant Berlin Township's implementation of its "industrial overlay zoning district" ("BIO"). (Doc. 4 at ¶ 1). According to Plaintiffs, Defendant Berlin Township laid out a "willing and flexible approach to meet central Ohio's growing population" through a "comprehensive land plan," "zoning overlay districts," and zoning processes aimed at "expediting development applications." (*Id.*). Enticed by that plan, Plaintiff T&R Properties, Inc. purchased land in the BIO to develop a mixed-use project. (*Id.* at ¶ 2).

But roadblocks soon emerged. Defendant Berlin Township "demanded that [Plaintiff T&R Properties, Inc.] apply for their mixed-used project under two separate applications." (*Id.* at ¶ 5 (cleaned up)). Plaintiffs did so, dividing the project into multi-family apartments and an industrial warehouse project. (*Id.* at ¶ 4, 5, 7). Even so, Defendant Berlin Township denied the warehouse portion under its zoning code. (*Id.* at ¶ 7, 8). And it denied the rental development partially out of a preference for "for-sale condominiums." (*Id.* at ¶ 9 (also discussing density issues)). These denials, Plaintiffs say, were arbitrary and capricious and show Defendant Berlin Township's

intentions to discriminate against racial minorities by restricting the development of high-density housing. (*Id.* at ¶ 10).

Plaintiffs filed this action in the Delaware County Court of Common Pleas, suing Defendants for violations of their rights under the United States Constitution, federal statutes, and state law. (*Id.* at ¶¶ 104–43; *see also* Doc. 2 at 3 (listing Plaintiffs' claims)). On July 25, 2024, Defendants removed the case to federal court. (Doc. 1). Shortly after, Defendants filed a motion to dismiss the case for jurisdictional defects and pleading issues. (Doc. 2 (discussing ripeness, the *Younger* doctrine, and Plaintiff's state-law claims)).

During the pendency of this case, Plaintiffs also pursued an administrative appeal of their projects' denials in state court. (Doc. 4 at 1 n.1; Doc. 17 at 2). On January 8, 2025, the state court issued a final, appealable order. (Doc. 17 at 2). Five days later, Plaintiffs filed the instant Motion for leave to amend. (*Id.*). Defendants oppose the Motion, and the matter is ready for the Court's review. (Docs. 17, 24, 29).

## II. STANDARD

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that when a party seeks leave of court to file an amended pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In exercising its discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

2

**III.    DISCUSSION**

Defendants oppose the amendment on futility grounds only. (Doc. 24 at 5–13). They say Plaintiffs' Amended Complaint falls short of minimum pleading standards, and that the Court should abstain from the case under the *Younger* doctrine. (*Id.* at 4–13); *see Younger v. Harris*, 401 U.S. 37 (1971).

Ultimately, at this stage, the Undersigned must determine only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, No. 2:14-cv-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (discussing that courts will not "ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to amend unless it appears to be frivolous"). On their face, Plaintiffs' allegations clear this low hurdle. Further evaluating Defendants' arguments would require the Undersigned to address the merits of Plaintiffs' claims. *Moraine Prop., LLC v. Ethyl Corp.*, No. 3:07-cv-229, 2009 WL 10679543, at *1 (S.D. Ohio June 22, 2009) (noting procedural complications that arise when parties raise futility arguments for a magistrate judge's ruling). The better course is to permit amendment and allow Plaintiffs' claims to be tested on dispositive motions before the District Judge. *Bear*, 2015 WL 1954451, at *3 (saying "it is the better exercise of discretion to permit the amendment" and allow the parties to brief motions to dismiss); *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (noting the Court "has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed").

On balance, the other factors also support granting Plaintiffs leave to amend. For instance, Defendants do not argue Plaintiffs' amendment is made in bad faith. (Doc. 24). Further, discovery is in the early stages, so Defendants will not be prejudiced by Plaintiffs' amendment. (Doc. 27); *cf. Sanders v. Williams Equip. & Supply Co.*, No. 09-2281-STA-cgc, 2010 WL 711130, at *2 (W.D.

3

Tenn. Feb. 24, 2010) ("Ordinarily, there must be at least some significant showing of prejudice to the opponent before leave to amend will be denied." (internal quotation omitted)).  Plus, Defendants removed this action after Plaintiffs filed their initial Complaint, and Plaintiffs specifically seek to withdraw some claims that are not properly brought in federal court.  (*See* Doc. 17 at 2); *Francis v. United Parcel Serv. of Am., Inc.*, 288 F.Supp.2d 882, 895 (S.D. Ohio 2003) ("Given that he is before this Court not by choice, he should be granted leave to amend.").  Plaintiffs also were not dilatory, since the state court administrative appeal ended on January 8, and Plaintiffs moved to amend five days later.  (Doc. 17 at 2 (saying the amendment "conform[s] the pleadings to the ripeness resulting" from the state court action)).

All told, the majority of the factors weigh in favor of allowing Plaintiffs to amend.  Therefore, the Court **GRANTS** Plaintiffs' Motion.  (Doc. 17).  Plaintiffs are **ORDERED** to file their Amended Complaint **within seven (7) days of the date of this Order**.  Since the amendment "supersedes the original complaint," the Clerk is **DIRECTED** to terminate Defendants' pending motion to dismiss, (Doc. 2), **as moot**.  *Green v. Mason*, 504 F.Supp.3d 813, 826 (S.D. Ohio 2020) (noting amended complaints render previous motions to dismiss moot, unless the new pleading contains the same defects as or is "substantially identical" to the previous complaint); (*cf.* Doc. 17 at 2 (representing Plaintiffs' amended complaint seeks to address some arguments raised in Defendants' motion to dismiss)).

## IV. CONCLUSION

Plaintiffs' Motion for Leave to File First Amended Complaint (Doc. 17) is **GRANTED**, and Plaintiff is **ORDERED** to file its amended complaint **within seven (7) days of the date of this Order**.  The Clerk is **DIRECTED** to terminate Defendants' motion to dismiss, (Doc. 2), **as moot**.

IT IS SO ORDERED.

Date: March 6, 2025                                  /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE