**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

T&R PROPERTIES, INC., et al.,

      **Plaintiffs,**

    v.                            **Civil Action 2:24-cv-3761**
                                       **Judge James L. Graham**
                                       **Magistrate Judge Kimberly A. Jolson**

BERLIN TOWNSHIP, et al.,

      **Defendants.**

## OPINION & ORDER

Plaintiffs' Motion for Leave to Take More Than Ten Depositions (Doc. 55) is before the Court. Subject to the following conditions, the Motion is **GRANTED**. Plaintiffs are granted leave to take four additional depositions beyond the ten-deposition limit imposed by the Federal Rules; all additional depositions beyond ten are limited to ninety minutes in duration; and all additional depositions beyond ten may be conducted via video conference. The Court also **GRANTS in part** the parties' Motion for an Extension of Case Management Deadlines. (Doc. 59).

## I.    BACKGROUND

This matter concerns Plaintiffs' challenges to events surrounding Defendant Berlin Township's implementation of its "industrial overlay zoning district" ("BIO"). (Doc. 30 at 1 (citing Doc. 4 at ¶ 1)). Plaintiffs initiated this action in the Delaware County Court of Common Pleas, but on July 25, 2024, Defendants removed the case to federal court. (Doc. 1). During the pendency of this case, Plaintiffs also pursued a related administrative appeal in state court. (Doc. 4 at 1 n.1; Doc. 17 at 2). On January 8, 2025, the state court issued a decision, and Plaintiffs continue to appeal that order. (Doc. 17 at 2; Doc. 31 at 1 n.1).

In a previous order, the Court briefly described the allegations here:

According to Plaintiffs, Defendant Berlin Township laid out a "willing and flexible approach to meet central Ohio's growing population" through a "comprehensive land plan," "zoning overlay districts," and zoning processes aimed at "expediting development applications." (*Id.*). Enticed by that plan, Plaintiff T&R Properties, Inc. purchased land in the BIO to develop a mixed-use project. (*Id.* at ¶ 2).

But roadblocks soon emerged. Defendant Berlin Township "demanded that [Plaintiff T&R Properties, Inc.] apply for their mixed-used project under two separate applications." (*Id.* at ¶ 5 (cleaned up)). Plaintiffs did so, dividing the project into multi-family apartments and an industrial warehouse project. (*Id.* at ¶ 4, 5, 7). Even so, Defendant Berlin Township denied the warehouse portion under its zoning code. (*Id.* at ¶ 7, 8). And it denied the rental development partially out of a preference for "for-sale condominiums." (*Id.* at ¶ 9 (also discussing density issues)). These denials, Plaintiffs say, were arbitrary and capricious and show Defendant Berlin Township's intentions to discriminate against racial minorities by restricting the development of high-density housing. (*Id.* at ¶ 10).

(Doc. 30 at 1–2; *see also* Doc. 31 (Amended Complaint)).

Recently, the parties provided the Court with an update about their discovery progress. (Doc. 49).  In relevant part, Plaintiffs noted that they anticipated filing a motion to exceed the ten depositions permitted under the Federal Rules of Civil Procedure.  (*Id.* at 2–3; *see also* Doc. 53 at 2–4).  About a month later, Plaintiffs filed the instant Motion.  (Doc. 55).  It is now fully briefed. (Docs. 57, 58).

## II.     STANDARD

Two rules govern Plaintiff's Motion.  Rule 26 of the Federal Rules of Civil Procedure requires discovery be relevant and proportional to the needs of a case, considering importance of issues, amount in controversy, parties' relative access to resources, importance of the discovery in resolution of the issues, and whether the burden or expense of discovery outweighs its likely benefit.  Fed. R. Civ. P. 26(b)(1).  A court must limit the extent of discovery if it determines: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other more convenient, less burdensome, or less expensive source; or (ii) the party seeking

2

discovery has had ample opportunity to obtain the information by discovery in the action.  Fed. R.

Civ. P. 26(b)(2)(C)(i) and (ii).

For its part, Rule 30 states that a party must obtain leave to exceed the ten-deposition limit.

Fed. R. Civ. P. 30(a)(2)(A)(i).  While the Rule instructs courts to grant leave to the extent consistent

with Federal Rule of Civil Procedure 26, courts have wide discretion in choosing whether to grant

additional depositions.  Fed. R. Civ. P. 26(b)(2).  *See also Talismanic Props, LLC v. Tipp City*,

309 F.Supp.3d 488, 14 (S.D. Ohio 2017).  A district court has the discretion to deny leave to take

additional depositions when no good reason has been presented.  *Talismanic*, 309 F.Supp.3d at 14.

(quoting *Moore v. Abbot Labs*., No. 2:05-CV-1065, 2009 WL 73876, at *1 (S.D. Ohio 2009)).

## III.    DISCUSSION

As it stands, Plaintiffs have conducted eight depositions.  Plaintiffs deposed all members

of the Berlin Township Board of Trustees and the Berlin Township Board of Zoning Appeals.

(Doc. 55 at 3).  Now, Plaintiffs seek to depose the members of the Berlin Township Zoning

Commission, as well as Berlin Township's Fiscal Officer.  (*Id*.; *see also* Doc. 58 at 2).  Plaintiffs

state they plan to use their remaining depositions to depose Jerry Valentine and Angela Brown.

(Doc. 58 at 2 (labeling Valentine and Brown as deponents nine and ten)).  Because Plaintiffs are

entitled to ten depositions, the Court need not grant leave for these deponents.  Therefore, this

Order addresses the four additional depositions that Plaintiffs have requested beyond the ten-

deposition threshold only, specifically Zoning Commission members Darcy Kapla (11), Jenny

Sloas (12), and Keither Goshia (13), and Fiscal Officer Jeff Jordan (14).  (*Id*.).

Plaintiffs proffer that good cause supports these additional depositions because there are

not sufficient and less burdensome means to acquire the specific information they seek.  (*Id*.).

Defendants respond that Plaintiffs fail to make a particularized showing of good cause for each

3

extra deposition nor for the depositions that already took place.  (Doc. 57 at 5).  Plus, they argue that meeting minutes taken of Berlin Township Board Meetings are sufficient to provide the information that Plaintiffs seek.  (*Id.*).

Because the ten-deposition limit set by Federal Rule of Civil Procedure 30 is intended to curb abusive discovery practices, it follows that the party wanting more has to show that the additional depositions are necessary.  *Talismanic Props*, 309 F.Supp. 3d 488, 14.  Courts generally require a "particularized showing of necessity from the party requesting additional depositions for each additional deposition."  *Rayco Mfg., Inc. v. Deutz Corp.*, No. 5:08CV74, 2009 WL 10869411, at \*1 (N.D. Ohio 2009) (quoting *Lewis v. Mt. Morris Twp.*, 2007 WL 2902890 (E.D. Mich. 2007)).  For a party to satisfy a burden of particularity, they must demonstrate that "good cause" exists for each additional deponent.  *Steward v. Roppe Corp.*, No. 3:18-CV-2905, 2022 WL 6234979, at \*3 (N.D. Ohio 2022) (citing *Moore*, 2009 WL 73876, at \*1).

The law affords the Court wide discretion in deciding whether Plaintiffs have shown good cause for conducting additional depositions.  And the Court finds good cause here.  Plaintiffs assert that their claims relate to the "motives, comments, rationale, and basis" for decisions of various Berlin Township bodies politic members.  (Doc. 58 at 3 (describing Plaintiff's claims for Fair Housing Act violations and due process violations)).  Defendants do not appear to contest the relevancy of the depositions at bar to Plaintiffs' claims.  (*See generally* Doc. 57).  Yet, Defendants contend Plaintiffs have been afforded a less burdensome means of discovering this information.  (*Id.*).  However, Plaintiffs have illustrated these other means are insufficient.  The Court agrees the information sought is not readily discoverable through the published meeting minutes of the Berlin Township Board, or any other presently available source.  This is true because each member of the various bodies politic of Berlin Township—including those who have already been

4

deposed—brings their individual motives or rationales for each vote, recommendation, or action that may not be reflected on an official record or transcript.  It follows that individualized inquiry is likely the best, if not the only, discovery method available on this front.  In other words, the proffered deposition information cannot be obtained from a less burdensome source.  And the record reflects Plaintiffs have not previously been afforded ample opportunity to obtain this information.  Fed. R. Civ. P 26(b).  Accordingly, Plaintiffs have met their burden of showing that good cause exists for the depositions.

Nonetheless, the Court also acknowledges that protections should be afforded, with respect to the resource intensive nature of depositions.  The Court imposes the following conditions on the forthcoming depositions: (1) Plaintiffs are granted leave to depose the four additional people they identified in their reply brief (Darcy Kapla (11), Jenny Sloas (12), Keither Goshia (13), and Jeff Jordan (14)); (2) all additional depositions beyond ten are limited to ninety minutes in duration; and (3) all additional depositions beyond ten may be conducted via video conference.

Finally, the parties requested an extension to all case deadlines.  (Doc. 59).  In light of this Order, and the other points raised in the parties' Motion, the Court agrees the case schedule should be adjusted.  Plaintiffs request an additional 60 days for all deadlines, and Defendants request 120 days.  (*Id.* at 4).  The Court finds splitting the difference appropriate.  Therefore, the Court **AMENDS** the case schedule as follows:

- Fact discovery due                                      December 30, 2025

- Primary expert reports due                        January 29, 2026

- Rebuttal expert reports due                       March 2, 2026

- Expert discovery due                                  March 30, 2026

- Dispositive motions due                             May 16, 2026

This case is also **REFERRED** to mediation in May 2026.  The Court will not extend these deadlines further absent extenuating circumstances.

IV.     **CONCLUSION**

For the foregoing reasons and subject to the following conditions, Plaintiffs' Motion for Leave to Take More Than Ten Depositions (Doc. 55) is **GRANTED**.  Plaintiffs are granted leave to take four additional depositions beyond the ten-deposition limit imposed by the Federal Rules; all additional depositions beyond ten are limited to ninety minutes in duration; and all additional depositions beyond ten may be conducted via video conference.  The Court also **GRANTS in part** the parties' Motion for an Extension of Case Management Deadlines.  (Doc. 59).


        IT IS SO ORDERED.


Date:   September 26, 2025                              /s/ Kimberly A. Jolson
                                                       KIMBERLY A. JOLSON
                                                       UNITED STATES MAGISTRATE JUDGE