IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

T&R PROPERTIES, INC., et al.,

    **Plaintiffs**,

v.                       Civil Action 2:24-cv-3761
                          Judge James L. Graham
                          Magistrate Judge Kimberly A. Jolson

BERLIN TOWNSHIP, et al.,

    **Defendants.**

## OPINION & ORDER

This matter is before the Court on Plaintiffs' Motion for Leave to File an Amended Complaint. (Doc. 61). For the following reasons, Plaintiffs' Motion is **GRANTED**. Plaintiffs are **ORDERED** to file a clean copy of the Second Amended Complaint within seven (7) days. Defendants' Motion to Dismiss (Doc. 34) is **DENIED as moot**.

**I.    BACKGROUND**

This matter concerns Plaintiffs' challenge to events surrounding Defendant Berlin Township's implementation of an "industrial overlay zoning district" ("BIO"). (Doc. 30 at 1 (citing Doc. 4 at ¶ 1)). Plaintiffs initiated this action in the Delaware County Court of Common Pleas, but on July 25, 2024, Defendants removed the case to federal court. (Doc. 1). During the pendency of this case, Plaintiffs also pursued a related administrative appeal in state court, and their appeal of the state court's decision remains pending. (Doc. 4 at 1 n.1; Doc. 17 at 2; Doc. 31 at 1 n.1).

In a previous order, the Court briefly described the allegations here:

> According to Plaintiffs, Defendant Berlin Township laid out a "willing and flexible approach to meet central Ohio's growing population" through a "comprehensive land plan," "zoning overlay districts," and zoning processes aimed at "expediting development applications." (*Id.*). Enticed by that plan, Plaintiff T&R Properties, Inc. purchased land in the BIO to develop a mixed-use project. (*Id.* at ¶ 2).

> But roadblocks soon emerged. Defendant Berlin Township "demanded that [Plaintiff T&R Properties, Inc.] apply for their mixed-used project under two separate applications." (*Id.* at ¶ 5 (cleaned up)). Plaintiffs did so, dividing the project into multi-family apartments and an industrial warehouse project. (*Id.* at ¶ 4, 5, 7). Even so, Defendant Berlin Township denied the warehouse portion under its zoning code. (*Id.* at ¶ 7, 8). And it denied the rental development partially out of a preference for "for-sale condominiums." (*Id.* at ¶ 9 (also discussing density issues)). These denials, Plaintiffs say, were arbitrary and capricious and show Defendant Berlin Township's intentions to discriminate against racial minorities by restricting the development of high-density housing. (*Id.* at ¶ 10).

(Doc. 30 at 1–2; *see also* Doc. 31 (Amended Complaint)).

Plaintiffs allege *inter alia* that Defendants engaged in intentional racial discrimination and disparate impact racial discrimination, both in violation of the Fair Housing Act ("FHA"). (Doc. 31 at 40–43). With discovery underway, Plaintiffs now say they have uncovered "inferential evidence" that Defendants also denied their zoning plan to keep out families with children. (Doc. 61 at 3). Accordingly, Plaintiffs filed a Motion for Leave to File Amended Complaint so they may add a familial status discrimination claim under the FHA. (*Id.*). This matter is ready for the Court's consideration. (Docs. 63, 64).

**II.     STANDARD OF REVIEW**

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that, when a party must seek leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." This rule, which allows a liberal policy in favor of granting amendments, "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of the pleadings.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). Thus, the trial court enjoys broad discretion in deciding motions for leave to amend. *Sims v. Time Warner Cable Inc.*, No. 2:17-cv-631, 2018 WL 6427249, at *2 (S.D. Ohio Dec. 7, 2018) (citation omitted). In exercising its discretion, the trial court may consider such factors as "undue delay,

bad faith or dilatory motive on the part of a movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment and futility of the amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

### III. DISCUSSION

Plaintiffs' Motion argues that the Court should grant it leave to amend under the liberal amendment policy of Rule 15. (Doc. 61 at 2). Plaintiffs seek to include a new allegation that Defendants denied its zoning proposal because of "private motives that child safety concerns and preferences for professional and single residents exist in Berlin Township." (Doc. 61-1 at 19). Plaintiffs' familial status claim is based upon nearly the same underlying dispute as its intentional racial discrimination claim. (*Id.* at 41). This is reflected in its newly amended first claim for relief, which merely proposes to add allegations of discrimination against families with children. (*Compare* Doc. 31 at 40–42 *with* Doc. 61-1 at 41–43).

Defendants oppose the Motion. (Doc. 63). They argue that Plaintiffs' amendment is futile because the Amended Complaint fails to state a claim upon which relief can be granted. (*Id.* at 4–5). Additionally, Defendants argue that adding such a claim would be unduly prejudicial and cause undue delay given that discovery has already commenced, and that Defendant Berlin Township has previously submitted a Motion to Dismiss. (*Id.* at 5–6 (citing Doc. 34)). As such, Defendants ask that the Court deny Plaintiffs' motion for leave to amend. (*Id.* at 7).

The Court is unmoved by Defendants' futility argument. At this stage, the Undersigned must determine only "whether the futility of an amendment is so obvious that it should be disallowed." *Bear v. Delaware Cnty.*, No. 2:14-cv-43, 2015 WL 1954451, at *3 (S.D. Ohio Apr. 28, 2015); *see also Brown v. Worthington Steel, Inc.*, 211 F.R.D. 320, 323 (S.D. Ohio 2002) (discussing that courts will not "ordinarily consider the merits of a proposed amended complaint in ruling on a motion for leave to

amend unless it appears to be frivolous"). On its face, Plaintiffs' amended complaint clears this low hurdle. Further evaluating Defendants' arguments would require the Undersigned to address the merits of Plaintiffs' claims. *Moraine Prop., LLC v. Ethyl Corp.*, No. 3:07-cv-229, 2009 WL 10679543, at *1 (S.D. Ohio June 22, 2009) (noting procedural complications that arise when parties raise futility arguments for a magistrate judge's ruling). The better course is to permit amendment and allow Plaintiffs' claims to be tested on dispositive motions before the District Judge. *Bear*, 2015 WL 1954451, at *3 (saying "it is the better exercise of discretion to permit the amendment" and allow the parties to brief motions to dismiss); *Durthaler v. Accts. Receivable Mgmt., Inc.*, No. 2:10-cv-1068, 2011 WL 5008552, at *4 (S.D. Ohio Oct. 20, 2011) (noting the Court "has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed").

The Court now turns to Defendants' arguments about prejudice and delay. Defendants argue that this case has been pending for a year and that "a significant amount of discovery has occurred." (Doc. 63 at 5–6). While the case itself has been pending for a year (and the parties have begun taking depositions), discovery was stayed for almost the entire month of April. (Docs. 36, 41). The parties only began exchanging written discovery requests in May (Doc. 42 at 1), and they exchanged responses to those requests in late July (Doc. 53; Doc. 64 at 5). Little prejudice will result by allowing Plaintiffs to amend its complaint now. *PCA-Corrections, LLC v. Akron Healthcare LLC*, 1:20-cv-428, 2021 WL 4483753, at *2 (S.D. Ohio Sept. 30, 2021) (finding that, due to a previous stay, little discovery had occurred, and defendants would not be unduly prejudiced by allowing plaintiff to amend its complaint). And, ultimately, Defendants' concerns about delay can be addressed with expedited briefing on any motion filed in response to the Second Amended Complaint.

Defendants also argue that allowing the amendment would be unduly prejudicial because they have not sought discovery on the familial status discrimination claim thus far and that they will "have

to conduct new discovery relating to the new claim and devote a large portion of time to responding to the Second Amended Complaint." (*Id.* at 6). But no such prejudice occurs where the proposed Amended Complaint does not assert an entirely different claim. *Bolden v. Hyde Park Landscape & Tree Serv.*, Inc., No. 1:09-CV-267-HJW, 2011 WL 13305365 (S.D. Ohio Jan. 4, 2011) (granting motion to amend complaint where Plaintiff added additional discrimination claims because "to the extent any claims in the proposed second amended complaint, such as the COBRA claims in Count 6 and 7, can actually be considered 'new,' they are very closely related to the existing claims in the amended complaint."); *see also Morrison v. Sunoco, Inc.*, No. 1:09-CV-283, 2011 WL 13311722, at *4 (S.D. Ohio Jan. 10, 2011) ("The proposed amended complaint is not so different as to cause prejudice."). As Defendants themselves concede, "[t]he allegations and claims asserted in the Proposed Second Amended Complaint are largely identical to those asserted in the First Amended Complaint." (Doc. 63 at 2 (citation modified)). Specifically, the proposed amendment does not fundamentally alter Plaintiffs' existing FHA claim—it merely states Defendants discriminated against an additional protected class in denying its zoning plan. (Doc. 61-1 at 42). The parties would be required to engage in discovery on substantially similar claims whether or not the Court granted Plaintiff leave to amend. (*Compare* Doc. 31 *with* Doc. 61-1). Plaintiffs' proposed Second Amended Complaint is "not so different as to cause prejudice." *Morrison*, 2011 WL 13311722, at *4.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion for Leave to File an Amended Complaint (Doc. 61) is **GRANTED**. Plaintiffs are **ORDERED** to file a clean copy of the Second Amended Complaint within three (3) days. Defendants' Motion to Dismiss (Doc. 34) is **DENIED as moot**.

IT IS SO ORDERED.

Date: October 30, 2025  /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE