**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| T&R Properties, Inc, *et al.*, | : | |
| | : | Case No.: 2:24-cv-03761 |
| Plaintiffs, | : | |
| | : | |
| v. | : | Judge James L. Graham |
| | : | Magistrate Judge Kimberly A. Jolson |
| Berlin Township, et. al. | : | |
| | : | |
| Defendant. | : | |
| | : | |

***DEFENDANTS BERLIN TOWNSHIP, BERLIN TOWNSHIP BOARD OF TRUSTEES AND BERLIN TOWNSHIP BOARD OF ZONING APPEALS' MOTION FOR EXPEDITED BRIEFING AND DECISION ON MOTION TO DISMISS AND MOTION TO STAY DISCOVERY PENDING DECISION ON MOTION TO DISMISS***

Defendants Berlin Township, Berlin Board of Trustees and Berlin Township Board of Zoning Appeals respectfully request that this Honorable Court expedite the briefing schedule on its Motion to Dismiss Plaintiffs' Second Amended Complaint (the "Motion to Dismiss"), which is being filed concurrently, expedite its decision on the Motion to Dismiss and stay discovery pending resolution of the Motion to Dismiss. A memorandum in support this motion follows.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP
*/s/ Cara M. Wright*
PAUL-MICHAEL LA FAYETTE (0067031)
CARA M. WRIGHT (0084583)
65 East State Street, Suite 2550
Columbus, OH 43215
T: 614-699-2386 | F: 888-356-3590
Paul.LaFayette@fmglaw.com
Cara.Wright@fmglaw.com
*Counsel for Defendants*

## MEMORANDUM IN SUPPORT

### I. Statement of the Case

Plaintiffs originally filed this litigation nearly seventeen months ago, on June 24, 2024. Doc. 4, Complaint. Defendants timely filed a Motion to Dismiss on July 29, 2024. Doc. 2. On January 14, 2025, after Defendants' Motion to Dismiss had been pending for 169 days, Plaintiffs sought leave to file an amended complaint. Doc. 17, Motion for Leave to File Amended Complaint. Defendants opposed the motion for leave to file amended complaint, asserting that Plaintiffs had failed to cure many of the deficiencies identified in the original complaint and that the amended complaint was futile. Doc. 24.

Leave to amend was granted on March 6, 2025 and Defendants' Motion to Dismiss the original complaint was denied as moot. Doc. 30. Specifically, the Magistrate Judge noted that the arguments raised by Defendants regarding the sufficiency of the allegations "would require [the Magistrate Judge] to address the merits of Plaintiffs' claims" and that "[t]he better course is to permit amendment and allow Plaintiffs' claims to be tested on dispositive motion before the District Judge." *Id. PageID 2474*.

Defendants, thereafter, timely filed a second Motion to Dismiss on March 26, 2025. Doc. 34. In this Motion, Defendants asserted many of the same arguments advanced in the original motion to dismiss, 240 days earlier. *Id.*

Most recently, Plaintiff sought leave to file a second amended complaint on September 30, 2025. Doc. 61. Defendants opposed this motion on October 15, 2025, again advocating that the second amended complaint did not cure any of the deficiencies identified in the motion to dismiss. Doc. 63. At that time, many of the arguments had been before the Court since the filing of the original motion to dismiss, 443 days earlier.

The Magistrate Judge granted leave and again noted that the "better course is to permit amendment and allow Plaintiffs' claims to be tested on dispositive motions before the District Judge." Doc. 65. Again, Defendants' motion to dismiss was denied as moot. In response to Defendants concerns related to delay of the proceedings, the Magistrate Judge noted that those concerns "can be addressed with expedited briefing on any motion filed in response to the Second Amended Complaint." Doc. 65, PageID 2816.

Defendants are filing a Motion to Dismiss the Second Amended Complaint concurrently with this motion. As of the date of this filing, more than 470 days have passed since the initial motion to dismiss was filed and many of the arguments urging dismissal of Plaintiff's claims were first presented to this Honorable Court.

## II. Law and Argument

### A. This Honorable Court should expedite briefing on the pending Motion to Dismiss Plaintiffs' Second Amended Complaint and expedite issuance of its decision.

The Supreme Court has long recognized that a district court possesses inherent powers that are not governed by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases. *Dietz v. Bouldin*, 579 U.S. 40, 45 (2016). Expedited briefing and decision on the Motin to Dismiss will help achieve the orderly and expeditious disposition of this case. Indeed, expedited briefing was suggested by the Magistrate Judge in granting the Plaintiffs' motion for leave to file a second amended complaint. Doc. 65, PageID 2816.

### B. This Honorable Court should stay discovery pending determination of the Motion to Dismiss Plaintiffs' Second Amended Complaint.

It has long been determined that trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined. *Hahn v.*

*Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999). In deciding whether to grant a stay, courts consider the following factors: (1) the stage of litigation, (2) whether the non-moving party will be unduly prejudiced or tactically advantaged, (3) whether a stay simplifies the issues, and (4) whether the burden of litigation on the parties and on the court is reduced. *Waldron v. Brown*, S.D. Ohio No. 2:22-cv-3556, 2023 WL 4182150 (June 26, 2023). At bottom, "a motion to stay discovery involves a pragmatic decision whether the possibility of saving the time and expense of discovery justifies the delay in proceedings." *Id.* When these factors are properly evaluated, it is clear that a stay is warranted in this case.

Defendants previously requested a stay and indicated that the stay was necessary to avoid duplicative discovery. In denying the motion, the Court held that Defendants fears were "hypothetical" and that they "did not offer any specific examples of duplicative discovery." Defendants fears, however, have come to fruition and they can now provide specific examples of the duplicative discovery that is now being demanded by Plaintiffs: While Defendants have objected, Plaintiffs have taken the position that they should be able to re-open all depositions that have taken to date because Defendants have not yet filed an Answer to the complaint and have not yet identified their affirmative defenses. Subjecting the Defendants to multiple depositions is inherently prejudicial and contrary to the Rules of Civil Procedure, which limit depositions to a single, seven-hour day. *See Fed. R. Civ. Pro. 30.* Discovery should be stayed until the current motion to dismiss is ruled upon.

In denying Defendants' original motion to stay, the Court further found that "Plaintiffs deserve to have their case heard in a timely and efficient manner." Doc. 41, PageID 2619. However, at this juncture, it is the conduct of the Plaintiffs, by virtue of filing multiple actions and amending their complaint multiple times, that have prevented Defendants from obtaining a ruling

on their motion to dismiss and prevented Defendants from having their arguments heard in a timely and efficient manner. Indeed, at the time of this filing, the arguments asserted in the original motion to dismiss, many of which have been re-asserted in the subsequent motions, have now been before the Court for more than 470 days.

Furthermore, Defendants are not only asserting that Plaintiffs' claims fail to state a claim upon which relief can be granted, but that this Honorable Court lacks jurisdiction over these claims. In the original motion to stay, Defendants asserted that, pursuant to the *Younger* abstention doctrine, this Honorable Court should refrain from ruling on the Plaintiffs' claims until the state court administrative proceedings have concluded. The administrative proceedings have now concluded, and Plaintiffs have lost in state court. Plaintiffs now seek to have the state court decision reversed and for this Honorable Court to review and reject the state court's determination that the BZA's decision was constitutional and not arbitrary and capricious. As argued in the Motion to Dismiss Plaintiffs' Second Amended Complaint, this Honorable Court lacks jurisdiction over some or all of the Plaintiffs' claims pursuant to the *Rooker-Feldman* doctrine. Furthermore, as asserted in the Motion to Dismiss the Second Amended Complaint, several of these claims are barred by the doctrine of res judicata. These arguments, if adopted by the Court, would bar Plaintiffs from asserting some or all of the claims contained within the Second Amended Complaint. Defendants should not be required to exert any additional time or resources toward these claims, which could ultimately be found to be outside the jurisdiction of the Court and wholly without merit.

## III. Conclusion

For these reasons, Defendants respectfully request that this Honorable Court order expedited briefing on the pending Motion to Dismiss, expedite its decision on the pending Motion to Dismiss and stay discovery pending resolution of the Motion to Dismiss.

Respectfully submitted,

FREEMAN MATHIS & GARY, LLP
*/s/ Cara M. Wright*
PAUL-MICHAEL LA FAYETTE (0067031)
CARA M. WRIGHT (0084583)
65 East State Street, Suite 2550
Columbus, OH 43215
T: 614-699-2386 | F: 888-356-3590
Paul.LaFayette@fmglaw.com
Cara.Wright@fmglaw.com
*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was filed and served on November 11, 2025, via email to the following:

Benjamin S. Zacks
The e Building
33 South James Road, 3rd Floor
Columbus, Ohio 43213
bszacks@zlglaw.com
*Attorney for Plaintiffs*

Joshua S. Nagy
465 Metro Place, Suite 430
Dublin, OH 43017
jnagy@wesplaw.com
*Attorney for Plaintiffs*

Andrew L. Margolius
Emily E. Warren
Margolius, Margolius and Associates
55 Public Square, Suite 1770
Cleveland, Ohio 44113
andrew@margoliuslaw.com
*Attorneys for Proposed Intervenor Fair Housing Advocates Association, Inc.*

*/s/ Cara M. Wright*
PAUL-MICHAEL LA FAYETTE (0067031)
CARA M. WRIGHT (0084583)