IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

T&R PROPERTIES, INC., et al.,

    **Plaintiff,**

v.                                               Civil Action 2:24-cv-3761
                                                  Judge James L. Graham
                                                  Magistrate Judge Kimberly A. Jolson

BERLIN TOWNSHIP, et al.,

    **Defendants,**

**OPINION & ORDER**

This matter is before the Court on Defendants' Motion to Stay Discovery and Expedite Decision of Motion to Dismiss (Doc.71). For the following reasons, the Motion (Doc. 71) is **DENIED.**

**I.    BACKGROUND**

The Court previously summarized the allegations in this case. (*See* Doc. 65 at 1–2). From the start, Plaintiffs have alleged that Defendants engaged in intentional racial discrimination and disparate impact racial discrimination in violation of the Fair Housing Act ("FHA"). (*Id.* at 2 (citing Doc. 31 at 40–43)). And recently, the Court allowed Plaintiffs to amend their Complaint to add a familial status FHA claim that alleged Defendants denied their zoning plan to keep out families with children. (*Id.*).

During the pendency of the federal case, Plaintiffs also pursued a related administrative appeal in state court. (Doc. 4 at 2 n. 1; Doc. 17 at 2). Defendants won below, and Plaintiffs appealed. (Doc. 17 at 2; Doc. 31 at 1 n. 1). In August 2025, Ohio's Fifth District Court of Appeals affirmed the trial court's ruling that the Zoning Board's actions were not arbitrary, capricious, or unreasonable. *T & R Properties v. Berlin Twp. Bd. of Zoning Appeals*, 2025-Ohio-2947, at ¶ 46. Because of that victory, Defendants have asked this Court to dismiss Plaintiffs' second amended complaint, arguing that the state court findings preclude adjudication of Plaintiffs' constitutional and FHA claims, and that

Plaintiffs otherwise fail to state a claim. (Doc. 70 at 6–16). In conjunction with their motion to dismiss, Defendants moved to stay discovery and requested an expedited decision. (Doc. 71). That request is ripe for consideration (Doc. 77).

## II. STANDARD

"A district court has the inherent power to stay proceedings based on its authority to manage its docket efficiently." *Ohio Valley Bank Co. v. MetaBank*, No. 2:19-CV-191, 2019 WL 2170681, at *2 (S.D. Ohio May 20, 2019) (quotation marks and citations omitted). And, as is the case here, parties routinely file motions to stay discovery while a motion to dismiss is pending. *See Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009) (noting that, "[t]his Court has had many occasions, over the years, to address the question of whether a stay of discovery should be imposed during the pendency of a motion to dismiss"). "[A]s a general rule, this Court is not inclined to stay discovery while a motion to dismiss is pending[.]" *Id.*; *see also Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citation omitted) (noting that "the Court has frequently found that the fact that a party has filed a case-dispositive motion is usually deemed insufficient to support a stay of discovery.").

Still, in "special circumstances," a court may find that a discovery stay is appropriate. *Shanks v. Honda of Am. Mfg.*, No. 2:08-CV-1059, 2009 WL 2132621, at *1 (S.D. Ohio July 10, 2009). A discovery stay may serve the interests of judicial economy, for example, where "the defendant has raised a defense, such as absolute or qualified immunity, which must, as a matter of law, be addressed before discovery appears" or where "it appears that the complaint will almost certainly be dismissed." *Id.*; *see also Hahn v. Star Bank*, 190 F.3d 708, 719 (6th Cir. 1999) ("Trial courts have broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined."). In deciding whether to stay discovery, "'a court weighs the burden of proceeding with

discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery.'" *Id*. (quoting *Bowens v. Columbus Metro. Library Bd. of Trustees*, No. CIV.A. 2:10-CV-00219, 2010 WL 3719245, at *1 (S.D. Ohio Sept. 16, 2010)). And the Court must "tread carefully" when staying discovery because parties have "a right to a determination of its rights and liabilities without undue delay." *Ohio Valley Bank*, 2019 WL 2170681, at *2 (quotation marks and citations omitted).

### III. DISCUSSION

Notably, this is not the first time Defendants have tried to stay discovery. (Docs. 35, 41). Before, Defendants argued a discovery stay was warranted because their undecided dispositive motion raised abstention arguments. (Doc. 35). The Court was not convinced. (Doc. 41). Now, Defendants argue a stay of discovery is appropriate because the pending motion to dismiss presents dispositive jurisdictional issues, and the discovery Plaintiffs seek is duplicative. (Doc. 71 at 3–5). The Court remains unpersuaded.

Defendants first argue that their pending motion to dismiss justifies staying discovery. In that motion, Defendants assert that the *Rooker-Feldman* doctrine deprives this Court of jurisdiction over Plaintiffs' claims. (Doc. 70 at 8–9). So, say Defendants, this case should be paused until the Court resolves the jurisdictional question. (Doc. 71 at 5 (asserting that their *Rooker-Feldman* argument, if successful, could "bar Plaintiffs from asserting some or all of the claims contained within the Second Amended Complaint.")). Simply raising a jurisdictional issue is not enough to justify pausing discovery. In cases where a stay is granted due to jurisdictional concerns, it tends to be where it is "almost certain" that the "federal court lacks the authority to hear the case." *Ohio Bell Tel. Co., Inc. v. Global NAPs Ohio, Inc.*, No. 2:06-cv-0549, 2008 WL 641252, at *2 (S.D. Ohio Mar. 4, 2008).

3

Here, the jurisdictional argument is "fairly debatable." *Id.*; *see also Seattle House, LLC v. City of Delaware*, No. 2:20-CV-03284, 2020 WL 7253309, at *2 (S.D. Ohio Dec. 10, 2020). Particularly, Plaintiffs argue they did not come to federal court seeking reversal of the administrative decisions as Defendants assert. (Doc. 76 at 4; Doc. 77 at 4 ("[Plaintiffs] have never included such a claim in its Complaint, First Amended Complaint, or Second Amended Complaint.")). Rather, Plaintiffs claim to challenge the constitutionality of the administrative proceedings, which they contend *Rooker-Feldman* does not preclude. (Doc. 76 at 4–5 ("[C]onstitutional challenges to administrative proceedings are not subject to the *Rooker-Feldman* doctrine.")). The jurisdictional question is hotly contested. Thus, Defendants' jurisdictional arguments do not present "special circumstances" necessitating a stay. *See Shanks*, 2009 WL 2132621, at *1.

Next, Defendants argue that a discovery stay is necessary to avoid the harms of duplicative discovery. (Doc. 71 at 4). In particular, they claim that Plaintiffs intend to "re-open all depositions that have been taken to date because Defendants have not yet filed an Answer to the complaint and have not yet identified their affirmative defenses." (*Id.*). Defendants seem to be saying that the balance of hardships weighs in favor of staying discovery. But Defendants mischaracterize Plaintiffs' goal in proceeding with discovery now. Nowhere have Plaintiffs argued they should be able to re-depose all witnesses. Rather, as Plaintiffs make clear, they seek to resume depositions for only three trustees, whose prior depositions did not exceed seven hours in length. (Doc. 77 at 3). Notably, Plaintiffs reserved the right to resume these depositions with Defendants' consent. (*Id.*; Doc. 75-1 at 3 (postponing remainder of deposition of Meghan Raehill); Doc. 75-2 at 3 (postponing remainder of deposition of Ken O'Brien); Doc. 75-3 at 2–3 (postponing remainder of deposition of Ronald Bullard)). Defendants do not say otherwise.

4

Moreover, "discovery is not *per se* burdensome merely because it could be duplicative." *RPM Freight Sys., LLC v. K1 Express, Inc.*, No. 21-11964, 2023 WL 2933208, at *4 (E.D. Mich. Apr. 13, 2023) (denying motion for protective order). To the extent Defendants are inconvenienced by reopening the depositions, they face the same burden that nearly every defendant in this Court faces in civil litigation. And where discovery is duplicative, "the Federal Rules of Civil Procedure provide other options for addressing such situations short of a complete stay." *Williams v. New Day Farms*, LLC, No. 2:10-CV-0394, 2010 WL 3522397, at *3 (S.D. Ohio Sept. 7, 2010). At base, Defendants overstate the weight of the relevant hardships against them should discovery continue.

On the other side of the equation, there is the prejudice Plaintiffs might face if discovery is stayed. "As reflected in the Federal Rules," Plaintiffs deserve their case to be heard "in a timely and efficient manner." *Young v. Mesa Underwriters Specialty Ins. Co.*, No. 2:19-CV-3820, 2020 WL 7407735, at *3 (S.D. Ohio Oct. 19, 2020). In opposing the stay, Plaintiffs identify three categories of deponents: (1) the remaining individuals that did not exceed the ten-deposition limit, (2) the individuals that the Court previously granted leave to depose in its September 25, 2025, Order, and (3) the three trustees for the time remaining under the seven-hour limit. (Doc. 77 at 3). Delaying depositions at this stage risks harming Plaintiffs' ability to litigate this matter. As time passes, memories fade and witnesses might become unavailable. *Cf. Compound Prop. Mgmt. LLC v. Build Realty, Inc.*, No. 1:19-CV-133, 2023 WL 3004148, at *4 (S.D. Ohio Apr. 18, 2023) ("Further delay could substantially harm Plaintiffs in that witnesses move, parties die, and memories fade.").

All told, a discovery stay is not warranted, and discovery shall proceed. During the pendency of this Motion, the parties have been unable (or unwilling) to schedule depositions. (*See* Doc. 74). Given the Court's ruling, the parties must coordinate deposition dates promptly. The parties are

**ORDERED** to file a joint status report **within seven (7) days** of this Order, updating the Court on their efforts to schedule depositions.

One final matter.  Defendants ask the Court to expedite ruling on the Motion to Dismiss (Doc. 70).  The Court will rule on the Motion (Doc. 70) in due course.

## IV. CONCLUSION

Accordingly, the Motion to Stay Discovery (Doc. 71) is **DENIED**.  The parties are **ORDERED** to file a joint status report **within seven (7) days** of this Order, updating the Court on their efforts to schedule depositions.

IT IS SO ORDERED.


Date: December 2, 2025                               /s/ Kimberly A. Jolson
                                                     KIMBERLY A. JOLSON
                                                     UNITED STATES MAGISTRATE JUDGE